UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANASTASIA B.,<br><br>Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant.<br>______________________________/ | Case No. 4:25-cv-11329<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 10, 13)**

## I. INTRODUCTION

Plaintiff Anastasia B. brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") finding that her disability ceased on April 8, 2022, and she is no longer qualified for Supplemental Security Income ("SSI") benefits. This matter is before the Court on Plaintiff's *Motion for Summary Judgment* (ECF No. 10), the Commissioner's *Motion for Summary Judgment* (ECF No. 13) and Plaintiff's reply (ECF No. 14). This matter is ripe for review.

## II. PROCEDURAL BACKGROUND

Plaintiff filed an application for Title XVI application for supplemental security income on January 7, 2016, alleging disability because of ulcerative colitis

beginning December 21, 2015. (ECF No. 6–1, PageID.97). Plaintiff's application was granted with an onset date of December 21, 2015. (*Id.* at PageID.97–107). The state conducted a continuing disability review on April 8, 2022, and it was determined that Plaintiff's disability ceased on April 8, 2022. (*Id.* at PageID.109–19, 120–32). Following a disability hearing by a State agency Disability Hearing Officer, the determination was upheld upon reconsideration on December 2, 2022. (*Id.* at PageID.120–32, 133–41, 168–79). Plaintiff requested and was granted a *de novo* hearing before an administrative law judge ("ALJ"). (*Id.* at PageID.187–90). On January 3, 2024, the ALJ held a hearing at which Plaintiff and an impartial vocational expert ("VE") appeared and testified. (*Id.* at PageID.61–95, 187–90). On February 28, 2024, the ALJ issued a decision finding that Plaintiff's disability ended as of April 8, 2022, and she had not become disabled again since that date. (*Id.* at PageID.39–53). Plaintiff's request for review by the Appeals Council was denied on January 23, 2025, making the decision of the ALJ the final administrative decision of the Commissioner. (*Id.* at PageID.32–36, 39–53); *see Kearney v. Colvin*, 14 F. Supp. 3d 943, 949 (S.D. Ohio 2014) (citing *Wireman v. Comm'r of Soc. Sec.*, 60 F. App'x 570 (6th Cir. 2003); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832 (6th Cir. 2006). Pursuant to 28 U.S.C. § 636(c), both parties consented to my jurisdiction. (ECF No. 8).

## III. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is a limited one. Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (The court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of

credibility.”); *Rogers*, 486 F.3d at 247 (“It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.”).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Although the substantial evidence standard is deferential, it is not trivial. The Court must “‘take into account whatever in the record fairly detracts from [the] weight’” of the Commissioner’s decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even so, “if substantial evidence supports the ALJ’s decision, this Court defers to that finding ‘even if there is substantial evidence in the record that would have supported an opposite conclusion.’” *Blakley*, 581 F.3d at 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ’s decision meets the substantial evidence standard, “‘a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.’” *Rabbers v. Comm’r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm’r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. STATUTORY AND REGULATORY FRAMEWORK

Only the ALJ's decision that Plaintiff medically improved is under consideration. To qualify for SSI, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A).

Once an individual has been found disabled, continued entitlement to those benefits depends on whether "there has been any medical improvement in [the individual's] impairment(s) and, if so, whether this medical improvement is related to [the individual's] ability to work." 20 C.F.R. § 416.994(b). There must be "substantial evidence" of "medical improvement" and proof that the claimant is "now able to engage in substantial gainful activity" to satisfy the medical improvement standard. 42 U.S.C. § 423(f)(1). *See also Niemasz v. Barnhart*, 155 F. App'x 836, 840 (6th Cir. 2005).

Medical improvement is defined as "any decrease in the medical severity of [the individual's] impairment(s) which was present at the time of the most recent favorable medical decision that [the individual was] disabled or continued to be disabled." *Kennedy v. Astrue*, 247 F. App'x 761, 764–65 (6th Cir. 2007) (citing 20 C.F.R. § 404.1594(b)(1)). "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs

and/or laboratory findings associated with [the individual's] impairment(s)." 20 C.F.R. § 404.1594(b)(1)(i). Medical improvement relates to the individual's ability to work "only if there has been a corresponding 'increase in [the claimant's] functional capacity to do basic work activities.'" *Kennedy,* 247 F. App'x at 765 (quoting 20 C.F.R. § 404.1594(b)(3)).

If there is a finding of medical improvement, the ALJ must determine whether the individual has the ability to engage in substantial gainful activity. *Kennedy*, 247 F. App'x at 765. The implementing regulations for this part of the evaluation incorporate many standards set forth in the regulations that govern initial disability determinations. *Id.* (citations omitted). The difference is that "the ultimate burden of proof lies with the Commissioner in termination proceedings." *Id.* (citations omitted). An increase in the claimant's functional capacity will lead to a cessation of benefits only if, as a result, the claimant can perform her past or other work. 20 C.F.R. § 416.994(b)(5).

Regulations promulgated by the Commissioner establish a seven-step sequential evaluation process in determining whether an SSI recipient's entitlement to disability benefits has ended:

> (1) Is there an impairment or combination of impairments that meets or equals a listed impairment from the Listing of Impairments of Appendix 1 of subpart P?
> (If yes, your disability continues.)

> (2) If no impairment meets or equals a listed impairment, has there been medical improvement? (If yes, apply step 3. If no, disability continues, subject to the exception in step 4.)
>
> (3) If there has been medical improvement, is the medical improvement related to the ability to work, *i.e.*, has there been an increase in the individual's residual functional capacity? (If no, apply step 4. If yes, apply step 5.)
>
> (4) Do any of the exceptions from § 416.994(b)(3) and (4) apply? (this step contains the exceptions to continuing disability even when no medical improvement is found at step 2 or improvement is not related to ability to do work at step 3.)
>
> (5) If none of the exceptions apply, do the combined effect of the individual's impairments on residual functional capacity significantly limit the ability to perform basic work activities? (If yes, continue to step 6. If no, disability ceases.)
>
> (6) Can the individual perform past relevant work? (If yes, disability ceases. If no, apply step 7.)
>
> (7) Can the individual perform other work? If yes, disability ceases. If no, disability continues.)

*See* 20 C.F.R. § 416.994(b)(5).

## V. ANALYSIS

### A. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the findings below of fact and conclusions of law:

> 1. The most recent favorable medical decision finding that the [plaintiff] was disabled is the determination dated August 1, 2016. This is known as the "comparison point decision" or CPD.

2. At the time of the CPD, the [plaintiff] had the following medically determinable impairments: inflammatory bowel disease and repeated complications of hematological disorders. These impairments were found to meet section(s) 5.06(B) of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)).

3. The medical evidence establishes that, since April 8, 2022, the [plaintiff] has had the following medically determinable impairments: inflammatory bowel disease, a depressive bipolar and related disorders, a hearing disorder, an anxiety and obsessive-compulsive disorder and an attention deficit hyperactivity disorder. These are the [plaintiff]'s current impairments.

4. Since April 8, 2022, the [plaintiff] has not had an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).

5. Medical improvement occurred on April 8, 2022 (20 CFR 416.994(b)(1)(i)).

6. The medical improvement is related to the ability to work because, by April 8, 2022, the [plaintiff]'s CPD impairments(s) no longer met or medically equaled the same listing(s) that was met at the time of the CPD (20 CFR 416.994(b)(2)(iv)(A)).

7. Since April 8, 2022, the [plaintiff] has continued to have a severe impairment or combination of impairments (20 CFR 416.994(b)(5)(v)).

8. Since April 8, 2022, based on the current impairments, the [plaintiff] has had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except occasionally climb ramps and stairs, ladders and scaffolds, unlimited balance, occasionally stoop, frequently kneel, crouch and occasionally crawl. The work should be limited to simple work involving understanding, remembering, and carrying out simple instructions, and not involving complex instructions. The work must be free of fast-paced production requirements, such as assembly line work, or work that requires hourly production quotas, with few if any workplace changes.

9. The [plaintiff] has no past relevant work (20 CFR 416.965).

10. On April 8, 2022, the [plaintiff] was a younger individual age 18-49 (20 CFR 416.963).

11. The [plaintiff] has a limited education (20 CFR 416.964).

12. Transferability of job skills is not an issue because the [plaintiff] does not have past relevant work (20 CFR 416.968).

13. Since April 8, 2022, considering the [plaintiff]'s age, education, work experience, and residual functional capacity based on the current impairments, the [plaintiff] has been able to perform a significant number of jobs in the national economy (20 CFR 416.960(c) and 416.966).

14. The [plaintiff]'s disability ended on April 8, 2022, and the [plaintiff] has not become disabled again since that date (20 CFR 416.994(b)(5)(vii)).

(ECF No. 6–1, PageID.43–53).

**B. Relevant Medical Evidence and Opinions**

On February 24, 2020, Plaintiff presented to her gastroenterologist, Rajeev Tummuru, M.D. Dr. Tummuru examined her and noted she had not been in for around 2 years. (ECF No. 6–1, PageID.830). Plaintiff reported she was still having flare up of ulcerative colitis, with loose stools and bleeding but that it "was not too bad." (*Id.*).

Over a year later on November 1, 2021, presented to an emergency room, complaining of vomiting and a review of her symptoms was normal and Plaintiff

denied problems associated with abdominal pain, nausea, vomiting or diarrhea. (*Id.* at PageID.928).

A month later Plaintiff on December 31, 2021, again presented to an emergency room complaining of vomiting. (*Id.* at PageID.985). A review of systems was negative for abdominal pain, nausea, vomiting or bleeding. (*Id.* at PageID.984).

On March 16, 2022, Plaintiff presented to R. Scott Lazzara, M.D., at Michigan Medical Consultants, P.C., for a consultative physical examination. Plaintiff reported a history of Crohn's disease since age 10 with multiple hospitalizations in 2017 and 2018. (*Id.* at PageID.993). Plaintiff had not required any surgical resection and indicated that in the past her symptoms were treated by Remicade although then used only "supportive care." (*Id.*). She indicated continued episodes of diarrhea but with no weight loss. (*Id.*). She further indicated she was no longer working, lives with her two children and is able to drive, perform household chores and shop, and performed routine activities of daily living. (*Id.*). She denied difficulty lifting, walking, standing, or sitting; she claimed she spends time caring for her children. (*Id.*). Abdominal examination revealed mild epigastric tenderness with no organomegaly or masses with normal bowel sounds. (*Id.* at PageID.994–95). She was assessed with Crohn's disease with mild epigastric tenderness but did not appear anemic with stable weight and

no masses. She was not undergoing any specific treatment for Crohn's disease but was at risk of further flare-ups and complications over time. (*Id.* at PageID.996).

On March 28, 2022, Plaintiff presented to Nancy Gardner, Ph.D., for a consultative psychological evaluation. Plaintiff complained of depression along with stomach and mouth issues. (*Id.* at PageID.996). Dr. Gardner indicated she presented with a depressed and sad affect and documents provided confirmed needing special education in school for math and reading. (*Id.* at PageID.1002). Dr. Gardner assessed that "tasks take her longer because of having to use the bathroom and having random pain. She demonstrated adequate understanding of simple instructions but struggled with complex instructions. She demonstrated adequate ability to interact appropriately with others." (*Id.*). Dr. Gardner diagnosed Plaintiff with persistent depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder, learning disorder with impairments in reading and math (per prior documentation) (*Id.*).

**C. Specific Errors**

On appeal, plaintiff alleges the ALJ erred: (1) by not determining whether plaintiff's impairments met or medically equaled listing 5.06 (Inflammatory Bowel Disease); and (2) by failing to properly consider plaintiff's subjective testimony. Each of these arguments is addressed below.

1. Substantial Evidence Supports the ALJ's Finding that Plaintiff's Impairments Did Not Meet or Medically Equal Listing 5.06

In her first assignment of error, Plaintiff argues that the ALJ failed to consider whether Plaintiff met or equaled a listing. (ECF No. 10, PageID.1999). The Commissioner argues in response that the ALJ's RFC determination was supported by substantial evidence, and further that Plaintiff did not meet her burden to prove that she met or equaled Listing 5.06. (ECF No. 13, PageID.2021, 2026–27).

At Step Three, a claimant is disabled if her impairment meets or equals one of the listings in the Listing of Impairments. *See* 20 C.F.R. § 404.1520(a)(4)(iii). "Each listing specifies 'the objective medical and other findings needed to satisfy the criteria of that listing.'" *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (quoting 20 C.F.R. § 404.1525(c)(3)). The claimant bears the burden to prove that her condition meets or equals a listing. *See* 20 C.F.R. § 404.1520(d); *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014) (citation omitted). To do so, she "must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency." *Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004).

In order to meet the Listing for an inflammatory bowel disease like ulcerative colitis (*see* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 5.00D), Listing 5.06 sets the requirements below:

> 5.06 *Inflammatory bowel disease (IBD)* (see 5.00D) documented by endoscopy, biopsy, imaging, or operative findings, *and* demonstrated by A, B, or C:
>
> A. Obstruction of stenotic areas (not adhesions) in the small intestine or colon with proximal dilatation, confirmed by imaging or in surgery, requiring two hospitalizations for intestinal decompression or for surgery, within a consecutive 12-month period and at least 60 days apart.
>
> OR
>
> B. Two of the following occurring within a consecutive 12-month period and at least 60 days apart:
>
> 1. Anemia with hemoglobin of less than 10.0 g/dL, present on at least two evaluations at least 60 days apart; or
>
> 2. Serum albumin of 3.0 g/dL or less, present on at least two evaluations at least 60 days apart; or
>
> 3. Clinically documented tender abdominal mass palpable on physical examination with abdominal pain or cramping; or
>
> 4. Perianal disease with a draining abscess or fistula; or
>
> 5. Need for supplemental daily enteral nutrition via a gastrostomy, duodenostomy, or jejunostomy, or daily parenteral nutrition via a central venous catheter.
>
> OR
>
> C. Repeated complications of IBD (see 5.00D5a), occurring an average of 3 times a year, or once every 4 months, each lasting 2 weeks or more, within a consecutive 12-month period, and marked limitation (see 5.00D5c) in one of the following:
>
> 1. Activities of daily living (see 5.00D5d); or
>
> 2. Maintaining social functioning (see 5.00D5e); or

> 3. Completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace (see 5.00D5f).

*See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1§ 5.06. The record "must" also contain:

> 1. A prior administrative medical finding from [a state agency medical consultant] or [psychological consultant] from the initial or reconsideration adjudication levels supporting the medical equivalence finding, or
>
> 2. [Medical expert] evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or
>
> 3. A report from the [Appeals Council]'s medical support staff supporting the medical equivalence finding.

SSR 17-2p, 2017 WL 3938306, at *3 (March 27, 2017). Thus, the ALJ can only find medical equivalence if the record contains supportive medical opinion findings from either a state agency consultant or a medical expert. *Id.* And if the ALJ "believes the evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment," he need not "articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment." 2017 WL 3938306, at *4.

Here, the ALJ made these findings at Step Three:

> Considered individually and in combination, the claimant's current impairments have not met or medically equaled a listing since April 8, 2022. The severity of the claimant's physical impairments, considered singly and in combination, does not meet or medically equal the criteria of **any impairment listed in 5.06** or 7.18.

> The severity of the claimant's irritable bowel syndrome and celiac disease fail to meet the requirements of listing 5.06 for inflammatory bowel disease or any other relevant listing under 5.00 Digestive System. The medical evidence of record does not include the results of diagnostic testing showing obstruction of stenotic areas in the small intestine or colon requiring hospitalization for intestinal decompression or for surgery on at least two occasions, nor does the medical evidence of record confirm the existence of two of the following despite continuing treatment as prescribed occurring within the same consecutive six-month period: anemia with hemoglobin less than 10.0 g dL, serum albumin of 3.0 g dL or less, clinically documented tender abdominal mass palpable on physical examination with abdominal pain or cramping that is not completely controlled by prescribed narcotic medication, perineal disease with a draining abscess or fistula, or the need for supplemental daily entera.

(ECF No. 6–1, PageID.44) (emphasis added). Thus, the ALJ explicitly found that Mr. Plaintiff's ulcerative colitis did not meet Listing 5.06, and also highlighted the fact that the record does not contain the medical opinion evidence necessary to find that any impairment equaled a listing. This is an adequate analysis of the Listings at Step Three. The ALJ continued,

> The medical evidence supports a finding that, by April 8, 2022, there had been a decrease in medical severity of the impairments present at the time of the CPD.
>
> As of April 8, 2022, the record confirms her symptoms had significantly improved with no indication of frequent flare-ups of inflammatory bowel disease. She earned $8589 in 2022 (Exhibit 13D) which was close to substantial gainful activity for a period. As of April 8, 2022 she was able to resume part time employment and her treatment records no longer confirm severe bouts of inflammatory bowel disease.
> [. . .]
> Her inflammatory bowel syndrome IBD no longer meets or equals Listing 5.06 B. She was found to equal that listing as of the

> comparison point decision because of frequency and severity of flare ups, with concurrent pancreatitis and wo improvement with treatment. Also had hematemesis and hematochezia. When compliant with medication she has no diarrhea and some constipation. In 2022 she had been engaging in significant part time employment at or very close to substantial gainful activity amounts. Her symptoms have significantly improved as confirmed by the treating records.

(*Id.* at PageID.46). "[N]either the listings nor the Sixth Circuit require the ALJ to 'address every listing' or 'to discuss listings that the applicant clearly does not meet.'" *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (citation omitted). That said, an ALJ must consider and discuss a relevant listing when the record raises 'a substantial question as to whether [the claimant] could qualify as disabled' under a listing." *Id.* (citation omitted). In order to raise a "substantial question," a claimant "must point to specific evidence that demonstrates [she] reasonably could meet or equal every requirement of the listing." *Id.*; *see also Dew v. Comm'r of Soc. Sec*., 2017 WL 744238, at *2 (E.D. Mich. Feb 27, 2017). Without this specific evidence, an ALJ does not "commit reversible error by failing to evaluate a listing at Step Three." *Smith-Johnson*, 579 F. App'x at 433.

In this case, Plaintiff has not pointed to specific evidence demonstrating that she reasonably could meet or equal Listing 5.06 (Inflammatory Bowel Disease). *See Thacker*, 93 F. App'x at 728.

For the reasons set forth above, and on an independent review of the entire record, the undersigned concludes that the ALJ's decision is supported by substantial evidence, and that the ALJ appropriately addressed the listings relevant to Plaintiff's ulcerative colitis. Plaintiff has not met her burden to show otherwise.

2. <u>ALJ's Evaluation of Plaintiff's Subjective Testimony</u>

Within her second assignment of error, Plaintiff argues that the ALJ failed to properly evaluate her subjective testimony. (ECF No. 10 at PageID.2004). Reviewing courts must afford an ALJ's credibility determination great weight and deference, particularly because the ALJ had the opportunity of hearing a witness's testimony. *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488–89 (6th Cir. 2005) (citation omitted). The Court is limited in assessing whether the ALJ's explanations for discrediting the claimant's allegations are reasonable and supported by substantial evidence in the record. *Id.* The evaluation of a claimant's subjective complaints rests with the ALJ and should not be disturbed absent "compelling reasons." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013).

An ALJ follows a two-step process when evaluating an individual's symptoms. SSR 16-3p, 2017 WL 5180304, *3 (Oct. 25, 2017); 20 C.F.R. § 416.929. First, an ALJ determines whether the individual has a medically determinable impairment that could reasonably be expected to produce the

individual's alleged symptoms. SSR 16-3p, 2017 WL 5180304, at *3. Second, an ALJ evaluates the intensity and persistence of an individual's symptoms (such as pain) and determines the extent to which an individual's symptoms limit his or her ability to perform work-related activities. *Id.* at *4.

In so doing, an ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (i) the claimant's daily activities; (ii) the duration, frequency, and intensity of the pain; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication and side effects; (v) treatment, other than medication; (vi) any measures used to relieve pain or other symptoms; and (vii) any other factors concerning an individual's symptoms. *Id.* at *7–8. Further, "[i]f there is no information in the evidence of record regarding one of the factors, [an ALJ] will not discuss that specific factor in the determination or decision because it is not relevant to the case." *Id.* at *8.

Plaintiff argues that "the ALJ failed to provide proper consideration of [Plaintiff]'s subjective complaints." (ECF No. 10 at PageID.2006.). The Commissioner argues "[p]laintiff fails to undermine the ALJ's well-reasoned evaluation. The ALJ followed the proper analysis under the regulations, agency policy, and relevant caselaw in assessing Plaintiff's subjective symptoms. The ALJ explained that he considered all of Plaintiff's symptoms and the extent to

which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 416.929." (ECF No. 13 at PageID.2031.).

In this case, the ALJ stated the two-step process:

> [i]n considering the claimant's symptoms, the undersigned must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical or laboratory diagnostic techniques--that could reasonably be expected to produce the claimant's pain or other symptoms.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities. For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must make a finding on the consistency of the statements based on a consideration of the entire case record.

(ECF No. 6-1, PageID.47). Then, the ALJ described Plaintiff's subjective complaints and hearing testimony as follows:

> The claimant alleged continuing disability due to colitis and needing special education; she indicated she was 59 inches tall and weighed 130 pounds (Exhibit 6E, page 2).
>
> She filled out a Function Report January 20, 2022 and indicated she is always in a lot of pain and was always in the bathroom bleeding (Exhibit 7E, page 1). She claimed that on a typical day she cares for her sons and is always going to the bathroom (Exhibit 7E, page 2).

> At the time of hearing, the claimant testified she has flares of abdominal pain about 3 to 4 times a week that last from several hours to all day; she indicated she has both diarrhea and constipation and when she defecates it is pure blood and mucous; she also complained of lower back pain. She indicated she has regular sores in her mouth that go away after steroid bursts. She also testified she has been on inhalers since age 16, had pneumonia two months prior; she indicated she has not been diagnosed with asthma.
>
> She also testified she suffers from an attention deficit hyperactivity disorder, depression, and anxiety; she claimed she has mental breakdowns and wants to cry but denied receiving any mental health treatment. She reported due to memory loss she sets reminders on her phone. She denied difficulty getting along with others. She testified she has trouble staying asleep due to pain and because she cannot sleep on her back or stomach.
>
> She testified she lives with her husband and two children. She reported she has a driver's license and drives only short distances about once or twice a day. She indicated she is able to cook, vacuum and do laundry; she is able to care for her personal needs but need to use the bathroom frequently. She indicated she is able to care for 4 dogs and a cat and likes to solve puzzles. She indicated she works here and there as a babysitter, and last worked 4 months ago for about two weeks; she indicated she has a job in 2022 but was let go because she missed too many days due to health issues.

(*Id.* at PageID.47–48). What follows, then, is a full analysis of the medical evidence related to Plaintiff's treatment history and frequency of Plaintiff's symptoms as required by the regulations. *See* 20 C.F.R. § 404.1529(c)(ii), (v). The ALJ also considered Plaintiff's daily activities pursuant to 20 C.F.R. § 404.1529(c)(i). Accordingly, the ALJ complied with the two-step process required by 20 C.F.R. § 404.1529 and SSR 16-3p and found Plaintiff's symptoms to be more episodic than alleged by Plaintiff. Here, the

ALJ's discussion of the evidence is sufficient as the ALJ reviewed the medical evidence and Plaintiff's testimony and found that Plaintiff's testimony was not entirely consistent with the medical record, which revealed that the symptoms were more episodic and intermittent than Plaintiff alleged. In doing so, the ALJ applied the proper legal standards, and his conclusions were reasonably drawn from the record. The ALJ's evaluation of Plaintiff's subjective complaints and ultimate RFC fell within the Commissioner's "zone of choice" and cannot be disturbed by this Court. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Ultimately, as noted above, the ALJ's evaluation of Plaintiff's subjective complaints should not be disturbed absent "compelling reasons." *Ritchie*, 540 F. App'x at 511. The Court finds no compelling reasons here. As much as Plaintiff is asking for the Court to re-weigh the evidence, resolve conflicts in evidence, or decide questions of credibility, the Court is prohibited from doing so. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

For all the above reasons, and on an independent review of the entire record, the Court concludes that the ALJ's decision is supported by substantial evidence.

## VI. CONCLUSION

Plaintiff has the burden of proof on her statements of error. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). Plaintiff has not shown

legal error that would upend the ALJ's decision. For all these reasons, it is

**ORDERED** that Plaintiff's *Motion for Summary Judgment* (ECF No. 10) is **DENIED**, the Commissioner's *Motion for Summary Judgment* (ECF No. 13) is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Date: September 11, 2026

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge